UNITED STATES of America

v.

Sharon REED, Defendant.

Crim. No. 92–0187–04–LFO.

United States District Court,
District of Columbia.

July 30, 1992.

James A. Meade, Asst. U.S. Atty., Washington, D.C., for U.S.

Thomas Abbenante, Washington, D.C., for defendant.

## ORDER

OBERDORFER, District Judge.

An indictment filed April 30, 1992, charged the defendant, Sharon Reed, with distribution of .123 grams of crack cocaine, and along with her two brothers, Kevin Reed and Keith Reed, and Monique Nichols, the "girl friend" of one of them, with possession with intent to distribute over 18 grams of that substance. The trial for Sharon Reed and her brothers was convened on July 27, 1992. Prior to the trial, defendant Nichols pled guilty, having been identified by the government as a cooperating prosecution witness.

On the day of trial, when the case was called, counsel for the two brothers reported for the first time that their clients were alcoholics and were too inebriated to participate effectively in their defense. Counsel for Sharon Reed advised that she was an addict, but was able to proceed. The trial was continued for 24 hours so that the two inebriated defendants could be committed to the custody of the United States Marshal for detention at the hospital facility of the D.C. Jail for examination, treatment and report. On July 28, a doctor at the jail hospital reported by telephone that the order for a report had not been received at the jail hospital, but that charts prepared by a doctor who was not present at that time indicated that one of the inebriated defendants was sober and that one was suffering delirium tremens. Thereafter, trial of the alcoholic suffering from delirium tremens was severed and continued. The trial of the other alcoholic and the addict commenced.

On July 29, evidence was adduced which required a mistrial and a discharge of the jury. However, Sharon Reed, on advice of counsel, waived further jury trial and submitted to trial by the Court. That trial resulted in the acquittal of Sharon on the count charging her with possession with intent to distribute crack cocaine, both because she did not have dominion and control over the drugs and because she was not capable of forming the necessary intent to possess 18 grams of crack cocaine with the intent to distribute. For example, there was uncontradicted testimony that her brothers never let her "hold" any drugs for fear she would consume them. She was, however, found guilty on the count charging her with the actual distribution of .123 grams of crack cocaine.

In light of the foregoing and for reasons stated from the bench, defendant, Sharon Reed, was ordered released to the custody of her sister and thereafter to Probation Office supervision pending sentence because there are conditions which will reasonably assure that she will not flee pending sentence or be a danger to the community. Those conditions include residing at some place other than the address at which she was arrested along with her brothers, as well as urine testing twice a week, detoxification, and intensive outpatient drug treatment by, or pursuant to contract with, the Probation Office.

After these conditions had been established, the July 21, 1992 Directive of the Administrative Office of the United States Courts was brought to the Court's attention. It purported to reduce funds available for "Substance Abuse Allocations" by, *inter alia,* precluding new referrals to "contract outpatient, residential, or detoxification programs" by Probation Offices and Pretrial Services offices in Federal District Courts nationwide.

It would be a travesty if it became necessary either to release Sharon Reed back into the community drugged, untested, and untreated or to incarcerate her solely for testing, detoxification and treatment.

Accordingly, it is this 30th day of July, 1992, hereby

ORDERED: that defendant Sharon Reed shall be released pending sentencing on October 15, 1992 at 9:30 a.m. on special conditions stated from the bench; and it is further

ORDERED: that the Probation Office of this district shall test defendant Sharon Reed twice weekly for alcohol and substance abuse and shall provide her with the same detoxification and drug treatment that defendant would have been provided if she had become a responsibility of the Probation Office before July 21, 1992; and it is further

ORDERED: that the Director of the Administrative Office of the United States Courts shall provide funds sufficient to enable the Probation Office to provide twice weekly urine testing, detoxification and drug treatment for Sharon Reed in an amount equal to that that would have been provided if defendant had become a responsibility of the Probation Office before July 21, 1992.